**Volume 9**

**Pages 1582 - 1600**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Orrick, Judge

```
CONTOUR IP HOLDING, LLC,      )
                              )
         Plaintiff,           )  CONSOLIDATED CASES
                              )  NO. 3:17-CV-04738 WHO
  VS.                         )  NO. 3:21-CV-02143 WHO
                              )
GOPRO, INC.,                  )
                              )
         Defendant.           )
_____)
```

San Francisco, California
Thursday, October 9, 2025

**TRANSCRIPT OF JURY TRIAL PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    845 Texas Avenue, 25th Floor
    Houston, Texas 77002
  **BY:  JOHN R. KEVILLE, ATTORNEY AT LAW**
      **MICHELLE C. REPLOGLE, ATTORNEY AT LAW**
      **SUNNY AKARAPU, ATTORNEY AT LAW**
      **MICHAEL C. KRILL, ATTORNEY AT LAW**

For Defendant:
    ALSTON & BIRD LLP
    One Atlantic Center
    1201 West Peachtree Street
    Atlanta, Georgia  30309
  **BY:  JOHN D. HAYNES, ATTORNEY AT LAW**
      **SLOANE S. KYRAZIS, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY:  Ana Dub, RMR, RDR, CRR, CCRR, CRG, CCG
              CSR No. 7445, Official United States Reporter

```
 1   APPEARANCES:  (CONTINUED)

 2   For Defendant:
                          ALSTON & BIRD LLP
 3                        55 Second Street, Suite 2100
                          San Francisco, California 94105
 4                   BY:  MICHELLE A. CLARK, ATTORNEY AT LAW
                          PHILIP C. DUCKER, ATTORNEY AT LAW
 5

 6                        ALSTON & BIRD LLP
                          2828 North Harwood Street, Suite 1800
 7                        Dallas, Texas  75201
                     BY:  ELLIOTT C. RICHES, ATTORNEY AT LAW
 8
                          ALSTON & BIRD LLP
 9                        Vantage South End
                          1120 South Tryon Street, Suite 300
10                        Charlotte, North Carolina 28203
                     BY:  KARLEE N. WROBLEWSKI, ATTORNEY AT LAW
11

12   Also Present:
                          Robert Mooney, Contour Corporate Rep
13                        Pablo Lema, GoPro Corporate Rep
                          Tyler Gee, Deputy General Counsel, GoPro
14
```

# **I N D E X**

Thursday, October 9, 2025 - Volume 9

|  | PAGE | VOL. |
|---|---|---|
| Jury Question | 1585 | 9 |
| Jury Question | 1597 | 9 |

|   |   |   |
|---|---|---|
| 1 | **Thursday - October 9, 2025** | **10:33 p.m.** |

**P R O C E E D I N G S**

---o0o---

(Proceedings were heard out of the presence of the jury.)

**THE COURT:** It's been an hour since the jury gave us this message.  What are we doing here?

**MR. KEVILLE:** We have an agreement on Number 2. Hand this up?

(Document handed up to the Court.)

**MR. KEVILLE:** Competing proposals for Number 1.

**THE COURT:** And this is to Number 1?

**MR. KEVILLE:** Question Number 1.

**THE COURT:** All right.  So with respect to Number 1, the question is [as read]:

"Which exhibits show Contour citing the Boland patent as prior art?"

Contour is proposing a specific reference to trial Exhibits 1 and 2, to pages in 1 and 2; and GoPro suggests, instead, instructing that the Patent Office considered the Boland application.

So tell me why it matters to have the pages, which are not -- they're not in the record.

**MR. KEVILLE:** Those are.  Those pages that I cited are in the record.  They say the result of the *inter partes* review is the claims are allowed.  But it doesn't say the word

|   |   |
|---|---|
| 1 | "Boland" in it.  So -- |
| 2 | **THE COURT:**  Okay. |
| 3 | **MR. KEVILLE:**  -- that's where the Boland was |
| 4 | considered; that's the evidence that shows it was considered. |
| 5 | **THE COURT:**  I see. |
| 6 | Then I think it would be better if I just instruct them |
| 7 | that the Patent Office considered Boland.  Why isn't that |
| 8 | clearer for -- why wouldn't that satisfy your needs and also be |
| 9 | easier and clearer for the jury? |
| 10 | **MR. KEVILLE:**  My concern was, Your Honor, with the |
| 11 | timing.  Right?  That they're going to see, well, here's the |
| 12 | patent and it's not on there. |
| 13 | And they were told -- they introduced the timing.  They |
| 14 | said:  Well, you understand in 2014 they considered Ambarella, |
| 15 | and it was 2015 when they looked at Boland. |
| 16 | And that's why I wanted to put in, this is the result of |
| 17 | that second review, which is part of the record but it just |
| 18 | doesn't say "Boland" because we kept out the rest. |
| 19 | **THE COURT:**  So is there any dispute with respect to |
| 20 | Contour's perspective on these two page cites? |
| 21 | **MR. HAYNES:**  I'm sorry.  I didn't hear the last part. |
| 22 | **THE COURT:**  The two page cites that they've asked, is |
| 23 | there a dispute? |
| 24 | **MR. HAYNES:**  There is, Your Honor.  The problem with |
| 25 | the two page cites is it doesn't mention Boland at all.  So if |

you point them to that page, it doesn't answer the question that they've asked, which is: Tell us where it was cited. And it's not cited on that page. So I think it's actually going to cause more confusion to point them to a page that does not list Boland.

And I think the jury's question is: Was Boland considered or not? And I think an instruction that tells them that it was will eliminate that confusion.

**THE COURT:** I mean, typically, you wouldn't answer this question at all in a trial. You'd say: You've been presented with the evidence. We can't help you.

**MR. KEVILLE:** Which is --

**THE COURT:** And I think what GoPro is suggesting is appropriate, since you both agree that the Patent Office did consider the Boland application. But I don't think it's appropriate to go further and cite to pages that weren't cited to the parties specifically before. You didn't show the -- I think we would be going beyond the evidence that's in the record.

**MR. KEVILLE:** That was why we asked for the curative saying that they opened the door to the IPR. And now I think we're leaving them with probably more confusion because we've said things that are cited are on the face of the patent, and now they have nothing to say: Oh, they allowed these claims after that.

|   |   |
|---|---|
| 1 | **THE COURT:** Well, I'll do one of two things.  I will |
| 2 | either give what GoPro suggests or tell them "You have the |
| 3 | evidence" -- "The parties have presented the evidence to you |
| 4 | and go forth." |
| 5 | **MR. KEVILLE:** Oh, with those two options, I would take |
| 6 | give what GoPro suggests, if those are my options. |
| 7 | **THE COURT:** Yeah, those are your options. |
| 8 | Okay.  So that's what I'll do with Number 1. |
| 9 | With Number 2 -- |
| 10 | (Counsel confer off the record before responding.) |
| 11 | **MR. KEVILLE:** I'm sorry.  On Number 2, you were |
| 12 | saying, Judge? |
| 13 | **THE COURT:** So with Number 2, it sounds as though |
| 14 | you've reached agreement, and I'm not sure that it is |
| 15 | completely satisfactory.  But your agreement is [as read]: |
| 16 | "'Limiting' means that the term is a required |
| 17 | element of the claims.  The Woodman '251 patent is |
| 18 | prior art.  You must decide the rest." |
| 19 | Would it -- so that's -- and that's fine. |
| 20 | Would it also make sense to define "prior art" for them? |
| 21 | **MR. HAYNES:** I think there's an instruction that we |
| 22 | could probably direct them to on that, Your Honor. |
| 23 | **MR. KEVILLE:** Yeah, I thought it was.  I thought we |
| 24 | had an instruction, "What is 'prior art.'" |
| 25 | **THE COURT:** Because I think that's the... |

```
 1                  (Counsel confer off the record.)
 2          THE COURT:  Where is the instruction?
 3          MR. HAYNES:  We're looking for it, Your Honor.
 4       (Counsel confer off the record before responding.)
 5          MR. KEVILLE:  And, Your Honor, what we've handed up
 6   as 4, the parties are agreed on.
 7          MR. HAYNES:  Your Honor, I believe in
 8   Instruction 27 --
 9          MS. CLARK:  That's not the right number.
10          MR. HAYNES:  Oh, the numbering is off?
11       All right.  It's the instruction on obviousness,
12   Your Honor.
13          THE COURT:  On obviousness?  Okay.
14       In 25.  Okay.
15          MR. HAYNES:  And at the very bottom, it begins
16   [as read]:
17             "Second, you must decide the scope and content
18        of the prior art.  In order to be considered prior
19        art to Claims 11 and 12 of the '954 patent and
20        Claim 6 of the '694 patent, these references must be
21        reasonably related to the claimed invention of that
22        patent.  A reference is reasonably related if it is
23        in the same field as the claimed invention or is from
24        another field to which a person of ordinary skill in
25        the field would look to solve a known problem."
```

```
 1          THE COURT:  Okay.  So, Mr. Keville, would you agree
 2  that this -- that we should refer the jury to this section of
 3  the instructions?
 4          MR. KEVILLE:  In addition to what the parties --
 5          THE COURT:  In addition to what you've agreed.
 6          MR. KEVILLE:  I think that's fine.  Of course.
 7          THE COURT:  Okay.  So we'll do that.
 8      And then 3, the copies of the patent, we've provided.
 9      And 4, you suggested and agreed on [as read]:
10          "A continuation application is an application
11      for the inventions disclosed in a prior filed" --
12          MR. HAYNES:  Yeah, that's fine.
13          THE COURT:  [As read]:
14          -- "co-pending application" --
15          MR. KEVILLE:  That's mine.
16          THE COURT:  [As read]:
17          -- "in order to introduce a new set of claims
18      for examination."
19          MR. KEVILLE:  All right.  Hold on, Your Honor.
20  I guess we don't have agreement.
21      I don't think that one was mine.  I thought that was your
22  later one.  I think this was the earlier one you gave me.
23          MR. HAYNES:  That's the one.
24          MR. KEVILLE:  That's the one you want?
25          MR. HAYNES:  That's the one.
```

|     |                                                                                      |
| --- | ------------------------------------------------------------------------------------ |
| 1   | **MR. KEVILLE:**  This is the current one you want?                                  |
| 2   | **MS. CLARK:**  Right.  So it just had --                                            |
| 3   | **MR. KEVILLE:**  Okay.  Can you hand that back,                                     |
| 4   | Your Honor?  I thought we had agreement, but I may have been                         |
| 5   | looking at my own.  That's why I agreed.                                             |
| 6   | (Laughter.)                                                                          |
| 7   | **THE COURT:**  So...                                                                |
| 8   | **MR. KEVILLE:**  Okay.  These are both yours.  These are                            |
| 9   | two copies of yours.                                                                 |
| 10  | I thought I had agreed.  They gave me two different of                               |
| 11  | their own versions.                                                                  |
| 12  | I thought this was the later one you gave me.  I'm pretty                            |
| 13  | sure this is the later one you gave me.                                              |
| 14  | **MR. HAYNES:**  This is the one we're proposing.  I don't                           |
| 15  | know what that is.  I'm not sure where yours went.  Was it on                        |
| 16  | yellow or white paper?                                                               |
| 17  | **MS. CLARK:**  I think this is his.                                                 |
| 18  | **MR. HAYNES:**  No.  That's mine.                                                   |
| 19  | **MS. CLARK:**  Oh, that's yours.                                                    |
| 20  | **MR. HAYNES:**  Your Honor, I guess on 4, I'm not sure we                           |
| 21  | need a further instruction; but to the extent there is one,                          |
| 22  | I think the dispute between the parties is, we based ours, the                       |
| 23  | definition of a continuation application, from the definition                        |
| 24  | in the Northern District of Georgia -- or "Georgia" --                               |
| 25  | California Model Rules and then added a sentence to define the                       |

purpose.

I think the parties actually agree on the purpose.  But we -- in the first sentence, I think there's disagreement.

I think the main difference is that in our proposal, we are saying that a continuation application has the same disclosure as a co-pending application.

They want to say the same inventions.  And we believe that's going to confuse the jury into thinking that the Patent Office allowed these claims over the Woodman '251 patent, which did not happen.

But we would also -- I'm also not sure that there needs to be an answer to this question for the jury.

**THE COURT:**  I think they're a little conf- -- they may be confused about what the continuation patent is.

What if we said something like:  "A continuation patent allows a patent holder to pursue additional claims based on the same invention disclosed in the earlier patent"?

**MR. KEVILLE:**  Yes.  We're agreed with that.

**MR. HAYNES:**  Your Honor, the confusion on that one is it suggests there's one invention disclosed in the earlier patent as opposed to the new claims can't be for the same invention if the earlier claims issued, and that's the confusion.  The Woodman patent was not considered for the claims that issued in the patents-in-suit.

And I think if you use the word "invention" there, the

```
 1  jury will be confused into thinking that the Boland -- or,
 2  sorry -- the Woodman patent was considered for the claimed
 3  invention of the patents-in-suit, and it was not.  So it's the
 4  difference between the claimed invention and the disclosed
 5  invention or inventions of a prior application.
 6          MR. KEVILLE:  Well, the --
 7          THE COURT:  What if you put a "(s)" --
 8          MS. CLARK:  That is what the --
 9          THE COURT:  -- after "invention"?
10          MR. KEVILLE:  Yeah.  I mean, that's exactly what the
11  Patent Office definition of "continuation application" is.
12          MS. CLARK:  That is also what the MPEP, the
13  Patent Office does.
14          THE COURT:  Okay.  So do we have agreement that I will
15  answer this question with "A continuation patent allows a
16  patent holder to pursue additional claims based on the same
17  invention(s) disclosed in the earlier patent"?
18          MR. KEVILLE:  Yes.
19          THE COURT:  Okay.
20          MR. KEVILLE:  That's agreeable to us.
21          THE COURT:  All right. So, let's see.  Do I -- I
22  don't think we need to see them.  I can just write these
23  answers out.
24      So, Ms. Davis, do you have the original?
25          THE COURTROOM DEPUTY:  The original question?
```

| | |
|---|---|
| 1 | **THE COURT:** Yes. I'll just respond on those. |
| 2 | Okay. Now I have to remember what we agreed to. |
| 3 | (Pause in proceedings.) |
| 4 | **MR. HAYNES:** So, Your Honor, on 4, the word |
| 5 | "invention" with the paren "S," I think we would maintain our |
| 6 | objection to that. I'm concerned that the jury is going to |
| 7 | think it's the same claims and that the patent was allowed |
| 8 | after -- that Boland was considered for the claims that are |
| 9 | before the jury. |
| 10 | **THE COURT:** Okay. So why don't you write out the |
| 11 | instruction that you prefer, make sure that it's clear whose it |
| 12 | is, and I'll take a look at it once I'm ready to. |
| 13 | **MR. HAYNES:** And, Your Honor, what the first sentence |
| 14 | of that is -- |
| 15 | **THE COURT:** I'm not looking at it right now. |
| 16 | **MR. HAYNES:** Sure. Thank you. |
| 17 | **THE COURT:** But I will look at it in a second. |
| 18 | (Pause in proceedings.) |
| 19 | **THE COURT:** All right. So now looking at Number 4, |
| 20 | GoPro's suggestion is [as read]: |
| 21 | "A continuation application is a patent |
| 22 | application filed during the examination process of |
| 23 | an earlier application which has the same disclosure |
| 24 | as the original application and does not include |
| 25 | anything which would constitute new matter if |

1          inserted in the original application.  A continuation
2          introduces a new set of claims for examination."
3          I don't think the jury will understand the first
4    sentence --
5          **MR. KEVILLE:**  Right.
6          **THE COURT:**  -- of that suggestion.
7          And explain to me one more time what the problem is with
8    saying that [as read]:
9              "A continuation patent allows a patent holder to
10         pursue additional claims based on the same
11         invention(s) disclosed in the earlier patent."
12         **MR. HAYNES:**  Your Honor, with respect to the
13   instruction, that is what the definition is in the Model Rules
14   for ND Cal.
15         My concern is that the jury will believe that the
16   Patent Office considered the Woodman patent for the claims that
17   are in the asserted patents as opposed to something else and
18   that the word "invention" -- what they've heard throughout the
19   trial is that an invention is defined by the claims.
20         And so when you say a continuation application is for the
21   same invention, they will believe that the invention is what is
22   claimed in the asserted patents as opposed to the claims in a
23   continuation patent, which are different.
24         **THE COURT:**  Okay.  So how would you suggest using the
25   instruction that I am proposing and modifying it to address the

concern that you have?

**MR. HAYNES:** You could say "disclosure" instead of "inventions" because it's the same disclosure.

**MR. KEVILLE:** It doesn't make sense then.

And what the Patent Office defines a continuation application is an application for the inventions, parenthesis "S," disclosed in a prior filed co-pending application.

That's it. That's essentially all they say.

**THE COURT:** So I'm going to give the instruction that I came up with.

**MR. HAYNES:** Thank you, Your Honor.

(Pause in proceedings.)

**THE COURT:** All right. So I'm going to send these notes back with Ms. Davis.

The response to Note 1 is [as read]:

> "There is no responsive exhibit before you. However, you are instructed that the Patent Office considered the Boland application," which I signed.

The answer to the second question is [as read]:

> "'Limiting' means that the term is a required element of the claims. The Woodman '251 patent is prior art. The definition of 'prior art' is found in Instruction 25, page 28, lines 21 through 25," which I signed.

And the answer to the third is [as read]:

|     |                                                                      |
| --- | -------------------------------------------------------------------- |
| 1   | "The copies have been provided," which I signed.                     |
| 2   | And the answer to the fourth is [as read]:                           |
| 3   | "A continuation patent allows a patent holder to                     |
| 4   | pursue additional claims based on the same                           |
| 5   | invention(s) disclosed in the earlier patent," which                 |
| 6   | I've signed.                                                         |
| 7   | Ms. Davis, there you go.                                             |
| 8   | All right. We'll see what happens next.                              |
| 9   | **MR. KEVILLE:** Thank you, Your Honor.                              |
| 10  | (Recess taken at 11:03 a.m. pending the jury's                       |
| 11  | deliberations.)                                                      |
| 12  | (Proceedings resumed at 3:57 p.m.)                                   |
| 13  | (Proceedings were heard out of the presence of the jury.)            |
| 14  | **THE COURT:** Please be seated.                                     |
| 15  | **MR. KEVILLE:** We literally turned to --                           |
| 16  | **THE COURT:** I'm sorry?                                            |
| 17  | **MR. KEVILLE:** We literally turned to each other and               |
| 18  | said: What do we do with this one?                                   |
| 19  | **THE COURT:** So that's my question for you. Do you                 |
| 20  | have a perspective?                                                  |
| 21  | **MR. KEVILLE:** No. I think -- my suggestion is the                 |
| 22  | best you say is it's up to them to determine what weight to          |
| 23  | give to what, unless -- I mean, if they're talking about -- I        |
| 24  | don't know.                                                          |
| 25  | **THE COURT:** "Weighted" is not a term --                           |

1    **MR. KEVILLE:** Right, right.
2    **THE COURT:** -- of art.
3    **MR. HAYNES:** Yeah.
4    **MR. KEVILLE:** Right.
5    **MR. HAYNES:** We don't know what question they're
6  asking this in --
7    **MR. KEVILLE:** Right.
8    **MR. HAYNES:** -- reference to --
9    **MR. KEVILLE:** Exactly.
10   **MR. HAYNES:** -- is the problem.
11      If they're looking at what is the disclosure of the
12  patent, they should be looking at obviousness and what that
13  says; or if they're talking about what is infringement,
14  obviously, you have to look at the claims for that.
15      So it depends on -- I don't know how you answer this
16  without...
17              (Counsel confer off the record.)
18     **MR. HAYNES:** We don't have enough context to be able
19  to provide any possible answer because I don't know what
20  they're considering when they're asking this question, and the
21  answer would be very different, depending on what they're
22  looking at.
23     **THE COURT:** So one thing we could do, I could answer
24  this question by saying, "It's not obvious to the parties what
25  you're asking."

1  We could bring the jury in here and they could articulate
2  what their question is.  I've never done that.  I don't know
3  how dangerous that would be.  But we could offer to have them
4  come in and try to reframe the issue that they're thinking
5  about.
6       **MR. KEVILLE:**  Maybe one -- the one possible way to say
7  it is, "The claims are what are relevant to infringement.  For
8  everything else, the patent has the same weight."
9       Is that fair?
10      **THE COURT:**  It has whatever weight you want to give
11 it?
12      **MR. KEVILLE:**  Yeah.
13      **MR. HAYNES:**  We're scrolling through the jury
14 instructions to see if there's a way we could say:  If it's
15 infringement, refer to this instruction.  If it's validity,
16 refer to these instructions.
17     But I'm not sure that those instructions are going to
18 address whatever it is.
19           (Counsel confer off the record.)
20      **MR. KEVILLE:**  Why don't we try and craft something
21 like that?  For infringement purposes, you look at the claims.
22 For all other purposes, the patent has -- the parts of the
23 patent have equal weight.
24           (Counsel confer off the record.)
25      **MR. HAYNES:**  Let's see what Your Honor has to say.

**THE COURT:** On this one, I'm going to agree with you, I think.

Great. Okay. So that's what I'll do. I am going to write [as read]:

> "For purposes of infringement, you look to the claims. See Instruction 19. For all other purposes, the abstract, specification, drawings, and claim are all part of the disclosure."

I'll do "claims." That's my one addition.

(Pause in proceedings.)

**THE COURT:** Okay. There we have it. We'll wait to see what comes next.

(Recess taken and proceedings adjourned at 4:07 p.m. pending the jury's deliberations.)

### CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Friday, October 10, 2025

*Ana Dub*
_____

Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG

CSR No. 7445, Official United States Reporter