**Volume 10**

**Pages 1601 - 1612**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Orrick, Judge

| | |
|---|---|
| CONTOUR IP HOLDING, LLC, ) | |
| ) | |
| Plaintiff, ) | **CONSOLIDATED CASES** |
| ) | **NO. 3:17-CV-04738 WHO** |
| VS. ) | **NO. 3:21-CV-02143 WHO** |
| ) | |
| GOPRO, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

San Francisco, California
Friday, October 10, 2025

**TRANSCRIPT OF JURY TRIAL PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    845 Texas Avenue, 25th Floor
    Houston, Texas 77002
  **BY: JOHN R. KEVILLE, ATTORNEY AT LAW**
      **MICHELLE C. REPLOGLE, ATTORNEY AT LAW**
      **SUNNY AKARAPU, ATTORNEY AT LAW**
      **MICHAEL C. KRILL, ATTORNEY AT LAW**

For Defendant:
    ALSTON & BIRD LLP
    One Atlantic Center
    1201 West Peachtree Street
    Atlanta, Georgia  30309
  **BY: JOHN D. HAYNES, ATTORNEY AT LAW**
      **SLOANE S. KYRAZIS, ATTORNEY AT LAW**

(APPEARANCES CONTINUED ON FOLLOWING PAGE)

REPORTED BY:  Ana Dub, RMR, RDR, CRR, CCRR, CRG, CCG
             CSR No. 7445, Official United States Reporter

```
 1   APPEARANCES:  (CONTINUED)

 2   For Defendant:
                         ALSTON & BIRD LLP
 3                       55 Second Street, Suite 2100
                         San Francisco, California 94105
 4                   BY: MICHELLE A. CLARK, ATTORNEY AT LAW
                         PHILIP C. DUCKER, ATTORNEY AT LAW
 5

 6                       ALSTON & BIRD LLP
                         2828 North Harwood Street, Suite 1800
 7                       Dallas, Texas  75201
                     BY: ELLIOTT C. RICHES, ATTORNEY AT LAW
 8
                         ALSTON & BIRD LLP
 9                       Vantage South End
                         1120 South Tryon Street, Suite 300
10                       Charlotte, North Carolina 28203
                     BY: KARLEE N. WROBLEWSKI, ATTORNEY AT LAW
11

12   Also Present:
                         Robert Mooney, Contour Corporate Rep
13                       Pablo Lema, GoPro Corporate Rep
                         Tyler Gee, Deputy General Counsel, GoPro
14
```

```
 1                         I N D E X

 2

 3    Friday, October 10, 2025 - Volume 10

 4
                                                    PAGE   VOL.
 5
      Proceedings Regarding Jury                    1604   10
 6    Verdict                                       1607   10
```

|     |                                                                          |
| --- | ------------------------------------------------------------------------ |
| 1   | **Friday - October 10, 2025**                              **9:23 a.m.** |
| 2   | **P R O C E E D I N G S**                                                |
| 3   | ---o0o---                                                                |
| 4   | (Proceedings were heard out of the presence of the jury.)                |
| 5   | **THE COURT:** We have jury news and an issue.                           |
| 6   | So Juror Number 42, the teacher, has a family emergency                  |
| 7   | conflict. His kid is sick, and he's got to stay home to take             |
| 8   | care of him. So I'm excusing him.                                        |
| 9   | Juror Number 13 has not shown up this morning. Ms. Davis                 |
| 10  | called him. He overslept. He lives in Sonoma. He's the                   |
| 11  | younger person on the jury. I'm inclined to excuse him as well           |
| 12  | so that the jury can start deliberating. Otherwise, he won't             |
| 13  | get here, at best, until 11- -- after 11:00.                             |
| 14  | So that would put the jury at seven, which is more than                  |
| 15  | enough to make the determination.                                        |
| 16  | So, happy to hear from each of you.                                      |
| 17  | **MR. KEVILLE:** I want to think about that a minute.                    |
| 18  | Your Honor, did the jury say what they wanted to do with                 |
| 19  | regard to the juror who's coming late?                                   |
| 20  | **THE COURT:** No.                                                       |
| 21  | **MR. KEVILLE:** Like, did they want to wait for this                    |
| 22  | juror or not?                                                            |
| 23  | **THE COURT:** They are currently waiting, but I have not                |
| 24  | polled them on what their desires are.                                   |
| 25  | **MR. KEVILLE:** I understand.                                           |

1    Let us chat for a minute.
2            (Counsel confer off the record.)
3        **MR. KEVILLE:** For the plaintiff, Your Honor, we're
4    fine if you excuse the second juror.
5        **MR. HAYNES:** Same for the defense, Your Honor.
6        **THE COURT:** Yes, I think that's the appropriate thing.
7    So they will both be excused, and we'll tell the jury to
8    get going.
9        **MR. KEVILLE:** Okay.
10       **MR. HAYNES:** Thank you, Your Honor.
11       **THE COURT:** And I would like one more piece of
12   information with respect to the juror information that was
13   obtained.
14       I'd like to get a declaration from the investigator
15   herself or himself as to exactly how he or she did -- pulled
16   all of the information that they pulled.
17       **MR. HAYNES:** We will prepare that, Your Honor.
18       **THE COURT:** Thank you.
19       All right. We'll see you when we see you.
20       **MR. HAYNES:** Thank you, Your Honor.
21       **MR. KEVILLE:** Thank you, Your Honor.
22       (Recess taken at 9:27 a.m. pending jury deliberations.)
23            (Proceedings resumed at 1:19 p.m.)
24      (Proceedings were heard out of the presence of the jury.)
25       **THE COURTROOM DEPUTY:** Please come to order.

```
 1         THE COURT:  It appears we have a verdict.
 2     Is everybody ready?
 3         MR. KEVILLE:  Yes, Your Honor.
 4         MR. HAYNES:  Yes, Your Honor.
 5     (Proceedings were heard in the presence of the jury.)
 6         THE COURT:  All right.  Please be seated, everybody.
 7     Members of the jury, have you arrived at the verdict?
 8         JUROR NUMBER 8:  Yes.
 9         THE COURT:  All right.  Ms. Davis, if you'd collect
10  it.
11             (Document handed up to the Court.)
12         THE COURT:  Can I see the parties, counsel over here
13  for a second?
14     (The following proceedings were heard at the sidebar:)
15         THE COURT:  There's an inconsistency in the verdict
16  form, and so I think I'm going to need to just clarify it.
17     I think I know what they mean, but they have determined
18  that there is no infringement on any of the products that
19  invalidity has been shown with respect to Claim 12 and 6 and
20  obviousness has been shown with respect to 12 and 6, that
21  there's no willfulness, but then they completed the damages
22  portion.
23     So I'm going to explain to them --
24         MR. KEVILLE:  Wait.  But what about Claim 11?
25         THE COURT:  So maybe that's the answer.
```

1        **MR. KEVILLE:** Right.

2        **THE COURT:** Okay. Okay.

3        **MR. HAYNES:** Or Claim 12.

4        **THE COURT:** But if it's invalid --

5        **MR. KEVILLE:** No. Claim 12 is dependent. Did they
6 find Claim 11 invalid?

7        **THE COURT:** No, they didn't.

8        **MR. KEVILLE:** That's the answer.

9        **THE COURT:** They did not find it invalid on the '954.
10 That's the answer.

11        **MR. KEVILLE:** That's the answer.

12        **THE COURT:** Okay.

13        **MR. HAYNES:** Did they find Claim 12 invalid?

14        **THE COURT:** Yes.
15    Well, so I think we can have a post-trial motion if
16 it's -- but I think this will be the verdict that I will read
17 into the record.

18        **MR. KEVILLE:** Okay.

19               (Sidebar concludes.)

20    (The following proceedings were heard in open court.)

21        **THE COURT:** All right. I will now read the verdict
22 into the record.

23                **VERDICT**

24        **THE COURT:** We, the jury, unanimously agree to the
25 answers to the following questions and return them under the

instructions of this Court as our verdict in this case.

Question 1: Has Contour proven by a preponderance of the evidence that GoPro literally infringed the following claims with respect to the Live Preview Group 1 products?

For the '954 patent, Claim 12: No.

For the '694 patent, Claim 6: No.

Question 2: Has Contour proven by a preponderance of the evidence that GoPro literally infringed the following claims with respect to the Live Preview Group 2 products?

For the '954 patent, Claim 11: No.

For Claim 12: No.

For the '694 patent, Claim 6: No.

Question 3: Has Contour proven by a preponderance of the evidence that GoPro literally infringed any of the following claims with respect to the live streaming products?

For the '694 patent, Claim 6: No.

For the findings on invalidity, Question 4: Has GoPro proven by clear and convincing evidence that any of the following claims are invalid as anticipated?

For the '954 patent, Claim 11: No.

For the '954 patent, Claim 12: Yes.

For the '694 patent, Claim 6: Yes.

Question 5: Has GoPro proven by clear and convincing evidence that any of the following claims are invalid because the claimed subject matter would have been obvious to a person

1  of ordinary skill in the art at the time of the claimed
2  invention?
3       For the '954 patent, Claim 11:  No.
4       For the '954 patent, Claim 12:  Yes.
5       For the '694 patent, Claim 6:  Yes.
6       Question 6:  Has Contour proven by a preponderance of the
7  evidence that the infringement you found in Questions 1 through
8  3 was willful?
9       Answer:  No.
10      Question 7 on the findings on damages.  What sum of money,
11 if any, has Contour proven by a preponderance of the evidence
12 would reasonably compensate Contour for any infringement you
13 have found?
14      Answer:  $8,200,000.
15      And the verdict is signed and dated October 10, 2025.
16      Members of the jury, is that your verdict?
17          **THE JURY:**  Yes.
18          **THE COURT:**  The verdict will be received and accepted.
19      Do the parties wish to have the jurors polled?
20          **MR. KEVILLE:**  Yes, Your Honor.
21          **THE COURTROOM DEPUTY:**  Juror Number 1, is this your
22 verdict?
23          **JUROR NUMBER 1:**  Yes.
24          **THE COURTROOM DEPUTY:**  Juror Number 2, is this your
25 verdict?

**JUROR NUMBER 2:** Yes.

**THE COURTROOM DEPUTY:** Juror Number 3, is this your verdict?

**JUROR NUMBER 3:** Yes.

**THE COURTROOM DEPUTY:** Juror Number 4, is this your verdict?

**JUROR NUMBER 4:** Yes.

**THE COURTROOM DEPUTY:** Juror Number 5, is this your verdict?

**JUROR NUMBER 5:** Yes.

**THE COURTROOM DEPUTY:** Juror Number 8, is this your verdict?

**JUROR NUMBER 8:** Yes.

**THE COURTROOM DEPUTY:** And Juror Number 10, is this your verdict?

**JUROR NUMBER 10:** Yes.

**THE COURT:** All right. The Clerk will record the verdict.

And, ladies and gentlemen, before I discharge you as jurors, I want to thank you for your service in the case. There's really no more sacred public trust than to be chosen as a juror to try a case, to sit on the judgment of acts and motives of other human beings.

The law, which was my duty to declare, is found with comparative ease; but the facts of the case, of which you were

the jurors, the exclusive judges, aren't written down anywhere. They're usually hotly in dispute, and they're only found after the jury has determined the truth from the evidence that was in front of you.

Trial by jury is of the utmost importance in our system of justice and our system of government.  It's embedded in Article III of the Constitution, and in the Sixth and the Seventh Amendments.  It's a right and an obligation that every citizen of the United States has, and it's the keystone of our system of justice.  It's the connecting link between the courts and the people.  A jury is independent.  It's the only bulwark between the people and their government.

You've made personal sacrifices to ensure that the parties have had a full and fair hearing by their peers of their disputes.  It's not only crucial that they have such a full and fair hearing, but that it appear to them that they have had such a hearing.  And thanks to you, this has been done.

You've also demonstrated the rather amazing ability of conscientious jurors to understand, respond to complex legal concepts and factual situations, and come together to reach a verdict.  And I think that's because you bring so many diverse skills and perspectives into the jury room.

So counsel may wish to ask you questions once you're discharged concerning what went on in the jury room during your deliberations.  You don't have to discuss your jury service

```
 1  with the lawyers or me, and it may well be that you decide to
 2  keep your own counsel.
 3      If you do answer questions, please respect the privacy of
 4  the views of your fellow jurors, and use good sense and good
 5  judgment in responding.
 6      I know from my days as a trial lawyer, I loved talking to
 7  juries after cases.  I learned a lot about my skills and the
 8  cases.  So, but it is your decision whether you talk with
 9  anybody or not.
10      I'm going to discharge you from your jury service now and
11  ask you to wait for just a minute in the jury room because I
12  want to come in and thank you for your service.
13      But at this point, the trial is adjourned.
14              (The jury was dismissed from duty.)
15    (Proceedings were heard out of the presence of the jury.)
16      THE COURT:  Have you agreed yet on a post-trial
17  briefing schedule?  And if you have not, I suggest that you do
18  so and send me a stipulation in the next -- by midweek next
19  week of how you want to address all the issues that you will
20  have.
21      And with that -- and as part of that, I'll ask -- well,
22  you should both prepare proposed judgments, and we'll deal with
23  those in due course.
24      All right.  Thank you.
25              (Proceedings adjourned at 1:33 p.m.)
```

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:  Friday, October 10, 2025

*Ana Dub*

_____

Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG

CSR No. 7445, Official United States Reporter